BURNS PHILP COMPANY, LTD., Plaintiff,
v.
TINA AFO, AIMITI AFO, TEMA AFO, MAGAUI FIAME, SIIGAVA'A FALEALII,
Defendants.

High Court of American Samoa
Trial Division

CA No. 93-84

January 7, 1985

Before MURPHY, Associate Justice, Presiding, TAIMANU and OLO, Associate Judges.

Counsel: For interpleader, Hall & Associates by Gary Hynds
For defendants Afo and Falealii, Talalelei A. Tulafono
For defendant Fiame, Watson & Reardon by Steven H. Watson

The interpleading plaintiff having been discharged, the above-entitled matter came on for trial on the cross-claims.

FACTS

The interested parties stipulated to the following facts: the Afo family leased a portion of its communal land to Burns Philp for $300 per month. The lease was entered into by the matai Tema Afo on behalf of the family. In 1983 Tema died. Aimiti Afo is his widow. The family has not yet selected a successor titleholder.

## ISSUE

The widow claims she is entitled to one-third of the rental pursuant to her right of dower. A.S.C.A. section 40.0103 provides a right of dower of one-third of a decedent's real or personal property. Other members of the Afo family contend succession rights in general and dower rights in particular do not apply to communal property.

## CONCLUSION

We hold that the statutes pertaining to estates do not apply to communal land. A.S.C.A. section 40.0206 states that the provisions of the chapter do not apply to communal land. None of the chapters of the estate statutes can logically be applied to communal land. It is true, as able counsel for the widow points out, in the past this court has ordered the proceeds of communal land paid to a widow. See Nouata v. Pasene LT No. 18-1931. That decision was clearly wrong and this court will not perpetuate that error. The affairs of the family, including collection of rent from communal property are administered by the matai. Hence, the funds in this case must be deposited in trust for the family until a successor matai is named.

## ORDER

It is decreed and ordered that all rental funds be deposited in an interest bearing account for the benefit of the Afo family until selection of a titleholder or further order of the court.